

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-09-00188-CV

## IN THE INTEREST OF D.W., A CHILD

---

**From the County Court at Law**
**Hill County, Texas**
**Trial Court No. 46017**

---

## MEMORANDUM OPINION

---

J.W. and C.H. each appeal a judgment of the trial court terminating the parent-child relationship between them and D.W., their child. The trial court entered a judgment of termination based on a jury verdict wherein the jury found by clear and convincing evidence that J.W.'s rights should be terminated because she had committed four predicate acts in Texas Family Code Section 161.001(1): (E) (endangerment); (N) (constructive abandonment); (O) (failure to comply with a court order); and (P) (substance abuse treatment); and that termination was in the child's best interest. Tex. Fam. Code Ann. § 161.001 (Vernon Supp. 2009). The jury also found by clear and convincing evidence that C.H. had committed three predicate acts in section 161.001(1): (E) (endangerment); (N) (constructive abandonment); and (Q) (imprisonment for more than two years); and that termination was in the child's best interest. *Id.* Because we find that J.W. did not challenge one of the predicate acts in her appeal to this Court and

that the evidence was legally and factually sufficient to support the finding that termination was in the child's best interest, we affirm the judgment of the trial court terminating J.W.'s parental rights. Additionally, because we find that the evidence was legally and factually sufficient to support the finding pursuant to section 161.001(1)(E), we affirm the judgment of the trial court terminating C.H.'s parental rights.

*Standard of Review*

A trial court may involuntarily terminate the parent-child relationship if it finds by clear and convincing evidence that: (1) the parent has committed at least one of the grounds for involuntary termination in section 161.001(1) of the Texas Family Code, and (2) "termination is in the best interest of the child." TEX. FAM. CODE ANN. § 161.001 (Vernon Supp. 2009); *In re J.L.*, 163 S.W.3d 79, 84 (Tex. 2005). Although the two elements must be proven independently, "the same evidence may be probative of both issues." *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002).

The termination of parental rights is a drastic remedy and is of such weight and gravity that due process requires the Department to justify termination by "clear and convincing evidence." *See* TEX. FAM. CODE ANN. § 161.206(a) (Vernon 2008); *see also In re J.F.C.*, 96 S.W.3d 256, 264-65 (Tex. 2002). Clear and convincing evidence is defined in the Texas Family Code as "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (Vernon 2008).

*Legal and Factual Sufficiency*

In reviewing legal-sufficiency challenges to termination findings under section 161.001(1), we must look at all the evidence in the light most favorable to the

termination findings to determine whether a reasonable factfinder could have formed a firm belief or conviction that these findings are true. *In re J.L.*, 163 S.W.3d at 85. To do so, we must presume that the factfinder resolved disputed facts in favor of its findings if a reasonable factfinder could do so. *Id.* We disregard any evidence that a reasonable factfinder could have disbelieved but do not disregard undisputed facts. *Id.*

In reviewing the factual-sufficiency challenges to termination findings, we must give due consideration to evidence that the factfinder reasonably could have found to be clear and convincing. *In re J.F.C.*, 96 S.W.3d at 266. We must determine if the evidence is such that the factfinder reasonably could form a firm belief or conviction about the truth of the Department's allegations. *Id.* We consider whether the disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding. *Id.* If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction about the truth of the Department's allegations, then the evidence is factually insufficient. *Id.* We must give due deference to fact findings and not supplant the judgment of the factfinder with our own. *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006).

## *J.W.*

In her first three issues, J.W. attacks the legal and factual sufficiency of the evidence to support three of the trial court's findings of predicate acts necessary for termination of J.W.'s parental rights. *See* TEX. FAM. CODE ANN. § 161.001(1) (Vernon Supp. 2009). However, the judgment of termination included four predicate acts under section 161.001(1) and J.W. does not attack the sufficiency of one of those acts: that she

"used a controlled substance … in a manner that endangered the health or safety of the child, and: failed to complete a court-ordered substance abuse treatment program; or after completion of a court-ordered substance abuse treatment program, continued to abuse a controlled substance." *See Id.* § 161.001(1)(P).

Only one predicate act finding under section 161.001(1) is necessary to support a judgment of termination in addition to a finding that termination is in the child's best interest. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Based on the jury's verdict, the trial court made a finding that it was in the best interest of D.W. to terminate J.W.'s parental rights. Because J.W. does not challenge the sufficiency of the evidence supporting the finding under subsection (P), this ground is sufficient to support the judgment of termination. *See In re T.S.C.*, No. 10-06-00366-CV, 2007 Tex. App. LEXIS 3390 (Tex. App.—Waco May 2, 2007, no pet.) (mem. op.). J.W.'s first, second, and third issues are overruled.

*Best Interest*

It is well-settled that in deciding whether termination would be in the best interest of the child, the trial court may consider this nonexclusive list of factors: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans for the child by these individuals or by the agency seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or

omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). *See In re S.N.*, 272 S.W.3d 45, (Tex. App.—Waco 2008, no pet.). It is unnecessary to prove all of these factors as a condition precedent to parental termination. *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002).

The evidence demonstrated that J.W. had been abusing marijuana since the age of 12, cocaine at the age of 14, and methamphetamines at the age of 16. She admitted to using marijuana during a previous pregnancy and tested positive for methamphetamines at the hospital when D.W. was born. She admitted to the use of methamphetamines three days prior to D.W.'s birth. J.W.'s drug use continued after D.W. was removed by the Department, even though she denied that she had a drug problem. Her felony probation was eventually revoked due to her many positive drug tests and her refusal to get treatment. J.W. was incarcerated at the time of trial on a four-year sentence. While she had started parenting classes, she did not complete them and did not attend counseling as required by her service plan. Her employment history while she was not incarcerated was spotty at best. J.W. absconded from Texas and remained a fugitive for almost five years ending in 2007, during which time she became pregnant with D.W. During the pendency of the case, she was dating a person accused of at least one felony offense and who was also a drug user. According to the Department, J.W. missed thirteen out of thirty visits with D.W. and also was significantly late for another five or six visits. At one point during the case, J.W. also left her older child, A.W., with her mother who had recently been arrested for a drug offense. When the Department investigated, J.W. hid out because she said she was afraid of being arrested in front of A.W.

D.W. was in a placement that he had been in from the time he was three weeks old with foster parents who wanted to adopt him. He was very bonded to the foster parents and to their children, who think of D.W. as their sibling. D.W. was described as a very happy baby. D.W. had been evaluated early in the case for potential developmental delays but was doing well at the time of trial. D.W. was well-integrated into the foster parents' family unit. We find that the evidence was both legally and factually sufficient to support the trial court's finding that termination was in the best interest of D.W. We overrule J.W.'s issue four.

*C.H.*

C.H. was determined to be the father of D.W. during the pendency of this case. In his first issue, C.H. complains that the trial court erred in determining that he had "engaged in conduct … which endangers the physical or emotional well-being of the child." TEX. FAM. CODE ANN. § 161.001(E) (Vernon Supp. 2009). His contention is that because he was incarcerated when he found out that J.W. was pregnant, there was legally and factually insufficient evidence he engaged in any conduct prior to his knowledge of his potential paternity that endangered D.W. either physically or emotionally and additionally that his present environment in prison did not endanger him.

Imprisonment alone does not constitute engaging in conduct which endangers the emotional or physical well-being of a child; however, it is a factor properly considered on the issue of endangerment. *Texas Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533-34 (Tex. 1987). C.H. is incorrect in his assertion that his conduct prior to his knowledge and establishment of paternity cannot constitute endangering conduct

sufficient to support a finding under section 161.001(E).  While knowledge of paternity is a prerequisite to a showing of knowing placement of a child in an endangering environment under section 161.001(1)(D), it is not a prerequisite to a showing of a parental course of conduct which endangers a child under section 161.001(1)(E).  *In re M.J.M.L.*, 31 S.W.3d 347, 351 (Tex. App.—San Antonio 2000, pet. denied).  C.H. makes no argument that his conduct prior to the birth of D.W. would not demonstrate a course of conduct that endangers the emotional or physical well-being of D.W.  However, C.H. has an extensive criminal history, which includes twelve arrests, three felony convictions, and seven misdemeanor convictions.  C.H. had been incarcerated beginning in 1999 for periods of time aggregating over 5-½ years at the time of trial with another almost two years to do that was remaining on his current sentence.  C.H. had a significant history of past methamphetamine and marijuana use.  Also, C.H. had failed to attempt to contact or provide support for D.W. in any manner since D.W.'s birth even though he knew J.W. was pregnant before the child was born.  However, at the same time C.H. maintained contact with, sent gifts to, and provided support for another biological child of his.  Using the appropriate standards, this constitutes both legally and factually sufficient evidence of a course of conduct that endangers the emotional or physical well-being of D.W.  We overrule C.H.'s issue one.

Because there is sufficient evidence to support the finding under section 161.001(1)(E), it is not necessary to address C.H.'s second and third issues challenging the sufficiency of the evidence to support a subsection 161.001(1)(N) constructive abandonment or subsection 161.001(1)(Q) imprisonment finding.  C.H. does not challenge the finding of termination being in the best interest of D.W.

*Conclusion*

We find that the evidence is legally and factually sufficient to support the jury's findings regarding termination of the parent-child relationship between J.W. and D.W. We find that the evidence is legally and factually sufficient to support the jury's findings regarding termination of the parent-child relationship between C.H. and D.W. We affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed December 30, 2009
[CV06]